388 A.2d 1042

**COMMONWEALTH of Pennsylvania**

v.

**Paul VALDERRAMA, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued Jan. 11, 1977.

Decided July 14, 1978.

502

David Weinstein, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Paul Valderrama, was convicted in the Court of Common Pleas of Philadelphia of murder of the first degree, rape and criminal conspiracy. Post-verdict motions were filed and denied. He was sentenced to life imprisonment for the murder conviction and three-to-twenty years for the rape conviction, the sentences to run concurrently. Sentence was suspended on the conspiracy conviction. He now appeals the judgment of sentence for murder to this court. He appealed the other judgments to the Superior Court, which certified them to this court for disposition.

■ Appellant argues that the evidence was insufficient to sustain his conviction for murder of the first degree. We do not agree.

In *Commonwealth v. Rose,* 463 Pa. 264, 267–68, 344 A.2d 824, 825–826 (1975), we stated the following standard of review for determining sufficiency of evidence:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. *Commonwealth v. Robson,* 461 Pa. 615, 625, 337 A.2d 573, 578 (1975); *Commonwealth v. Boyd,* 461 Pa. 17, 24, 334 A.2d 610, 613 (1975); *Commonwealth v. Murray,* 460 Pa. 605, 608, 334 A.2d 255, 257 (1975). Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Robson, supra; Commonwealth v. Murray, supra; Commonwealth v. Smith,* 457 Pa. 638, 326 A.2d 60, 61 (1974); *Commonwealth v. Paquette,* 451 Pa. 250, 257, 301 A.2d 837, 841 (1973). The fact-finder is free to believe all, part, or none of the evidence. *Commonwealth v. Robson, supra; Commonwealth v. Smith, supra.*"

Viewing the evidence in the above light, the facts are as follows. Margaret Haderahan and her boyfriend, Kevin Wolf, went by car to the grounds of the Philadelphia Art Museum at approximately 11:00 p. m. on June 26, 1973, where they parked and fell asleep. During the early morning hours of June 27, they were awakened by six men who forced their way into the car. Four of them took Haderahan to a nearby wooded area and raped her. They then joined the other two, who had Wolf near a pool in front of the museum. Four men held Wolf under water in the pool until he drowned.

Haderahan was unable to identify any of the perpetrators. The only evidence linking appellant to the crime was the testimony of Juan Garcia, who admitted taking part in it and implicated appellant along with Juan Marrera, Miguel Rivera, and Fidel and Israel Santiago. He identified himself, appellant, Rivera and Fidel Santiago as having raped Haderahan and Marrera, Rivera and the Santiagos as having drowned Wolf. This evidence, when considered under the *Rose* standard is sufficient to sustain appellant's conviction for murder of the first degree.

Appellant next argues that the court below erred by refusing a motion for a new trial based on after-discovered evidence. We agree and reverse the judgments of sentence and remand this case for a new trial.

At trial, appellant presented an alibi defense. He claimed that at the time of the crime he was in Ciales, Puerto Rico, where he lived and was employed by the town government. He presented several witnesses to establish his presence there. Those who testified as to his employment included the town's director of public works, who supervised him; the municipal treasurer; and the mayor. Certain municipal records were also introduced to establish his employment. In rebuttal, the Commonwealth presented the testimony of an employee of the Social Security Administration, who testified that he reviewed the administration's records on appellant and they did not show that he had earned any wages during the last three quarters of 1973, the time

during which the above incident occurred. The Commonwealth contended on the basis of this testimony that appellant was not employed as he said he was and, therefore, his alibi testimony should not be believed.

The testimony accurately reflected the records of the Social Security Administration as of the date it was presented, which was February 19, 1975. Appellant obtained new evidence by making inquiries of the administration and the government of Puerto Rico. Pedro Luis Rodriguez, chief of the Social Security Division of the Puerto Rico Department of the Treasury said in a letter on March 5, 1975 that the municipality of Ciales had reported appellant's wages without a social security number. He said that the number had been sent to the Social Security Administration on March 4, 1975. The administration informed appellant on May 12, 1975, that his wages had in fact been reported without a number. Pursuant to standard procedure, they were held in a suspense file until a number could be obtained. The wages were then credited to appellant's account when the number was ascertained and the records of appellant's account showed that he was employed by the municipality, although they would not have shown that while the social security payments were being held in suspense.

After-discovered evidence is a basis for a new trial if it

" . . . (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted." *Commonwealth v. Mosteller,* 446 Pa. 83, 88, 284 A.2d 786 (1971).

The discovery of the social security records meets all four requirements as stated in *Mosteller, supra:*

1. The evidence could not have been obtained prior to trial. The Commonwealth's rebuttal evidence concerning

the social security records was completely unexpected. It did not previously occur to appellant's counsel to make inquiries to the Social Security Administration and Puerto Rican government. This failure to inquire was reasonable under the facts of this case, as it is not normal procedure for wages to be reported to the Social Security Administration without a social security number. The Commonwealth's rebuttal evidence was, therefore, completely unexpected.

2. The evidence is not merely cumulative or corroborative. The Commonwealth asserted at trial that appellant's reported employment in Puerto Rico was a complete fabrication. This new evidence is significant beyond corroboration of appellant's alibi defense as it may negate the Commonwealth's evidence on the missing social security numbers. See *Commonwealth v. Bulted,* 443 Pa. 422, 279 A.2d 158 (1971).

3. The evidence is not solely for impeaching the credibility of a witness. It is not disputed that appellant's employment had not been recorded by the Social Security Administration at the time of trial and appellant's new evidence does not assert that any of the Commonwealth's witnesses were not telling the truth. The new evidence, rather, explains the incomplete nature of the Social Security Administration's records in this case.

4. The evidence is of such a nature and character that a different verdict will likely result if a new trial is granted. At trial, the Commonwealth claimed that appellant never worked for the municipality in Puerto Rico. The incomplete social security records supported this assertion and cast doubt on appellant's alibi defense. Given the completed social security records, appellant's alibi would receive substantial support and a different verdict would likely result.

We will grant a new trial on the basis of the after-discovered evidence. Our finding on this point makes it unnecessary to discuss other asserted grounds for a new trial.[1]

1. Appellant also argues:
  1. That Juan Garcia was incompetent to testify.
  2. That the Commonwealth was allowed to ask him improperly leading questions during a competency hearing.

The judgments of sentence are reversed and the case is remanded to the Court of Common Pleas of Philadelphia for a new trial.

POMEROY, J., files a dissenting opinion.

JONES, former C. J., took no part in the consideration or decision of this case.

POMEROY, Justice, dissenting.

Although the majority correctly states the law applicable to the grant of a new trial based on after-discovered evidence,* I am not persuaded that the Social Security data offered as after-discovered evidence in this case satisfies the second or fourth criteria of our test, *viz.,* that the material will not be merely corroborative or cumulative, or that a new trial based upon it will likely result in a verdict for appellant. Thus, I cannot say that the trial court abused its

3. The Commonwealth was improperly allowed to credit Garcia's testimony by introducing prior consistent statements.

4. That an interpreter employed for certain Spanish-speaking defense witnesses did not perform his job adequately and answered some questions himself instead of interpreting the answers given.

5. That the Commonwealth made improper use of an English translation of the transcript of an extradition hearing held in Puerto Rico, its accuracy not having been established.

6. That the prosecutor made an improper reference to a statement that a witness allegedly made to him outside of the courtroom.

7. That the prosecutor was permitted to discredit the municipal work records in an improper manner.

8. That defense counsel was improperly prevented from rehabilitating the records.

9. That the prosecutor made improper inflammatory remarks.

10. That appellant should be permitted to introduce evidence that Garcia, while incarcerated after the trial, admitted to a fellow prisoner that his testimony had been false.

* See also, *e. g., Commonwealth v. Dowd,* 472 Pa. 296, 305, 372 A.2d 705 (1977); *Commonwealth v. Treftz,* 465 Pa. 614, 627–30, 351 A.2d 265 (1976); *Commonwealth v. Dawson,* 464 Pa. 254, 257–58, 346 A.2d 545 (1975); *Commonwealth v. Tervalon,* 463 Pa. 581, 586–89, 345 A.2d 671 (1975); *Commonwealth v. Coleman,* 438 Pa. 373, 264 A.2d 649 (1970); *Commonwealth v. Schuck,* 401 Pa. 222, 229, 164 A.2d 13, 17 (1960), *cert. denied,* 368 U.S. 884, 82 S.Ct. 138, 7 L.Ed.2d 188 (1961).

508

discretion in refusing a new trial on this ground. Accordingly, I respectfully dissent.