417 A.2d 746

**COMMONWEALTH of Pennsylvania**

v.

**Isaac GRAHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 1979.

Filed Dec. 28, 1979.

Eugene E. J. Maier, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Isaac Graham was convicted of two counts of murder of the first degree and conspiracy by a jury in Philadelphia. He appealed to the Supreme Court of Pennsylvania, which affirmed the judgment of sentence. *Commonwealth v. Graham*, 467 Pa. 417, 358 A.2d 56 (1976). In substance the Supreme Court decided that the evidence was sufficient to support the conviction, that the district attorney's argument was not prejudicial or inflammatory, and that appellant was not precluded from showing that an important Commonwealth witness, John Graham, was receiving favorable treatment from the district attorney for testifying against appellant. Present counsel appointed to represent appellant in his petition under the Post Conviction Hearing Act, January 25, 1966, P.L. (1965) 1580, Sec. 1 *et seq.*, 19 P.S. Sec. 1180–1

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

*et seq.* (Supp. 1979–80), alleged ineffectiveness of both trial counsel and appellate counsel. After an evidentiary hearing, relief was denied by the PCHA court, and this appeal followed.

■ The problem presented to us relates to the testimony given at trial by appellant's brother, John Graham. The trial record and the opinion of the Supreme Court clearly indicate that "the jury was fully aware of the facts surrounding the testimony of John Graham and that appellant was not prejudiced in any way." 467 Pa. at 422, 358 A.2d at 59. Appellant now alleges ineffectiveness of trial counsel for not bringing additional matters to the attention of the jury to impeach the witness. Appellate counsel is alleged to be ineffective for not having advanced the alleged failures of trial counsel on direct appeal. The Commonwealth contends that the issue is waived or, in the alternative, that neither counsel was ineffective.

Appellant alleges trial counsel was ineffective for failing to impeach the credibility of witness John Graham through his past criminal record and an inconsistent pre-trial statement and for failing to object to testimony regarding a weapon by witnesses John Graham and a physician. We satisfied that trial counsel fully raised the issue of the questionable nature of John Graham's testimony and that the matters he now raises would be of no further aid to the jury. The testimony regarding ballistics may be irrelevant, but if there was error in admitting it, in our opinion, such error was harmless.

Trial counsel is also alleged to be ineffective for failing to call a witness, Otis Tate, and for not objecting to testimony of various witnesses relative to statements made by Tate. Trial counsel exercised good judgment in this decision in view of Tate's long criminal record, which certainly would have militated against using his testimony.

Trial counsel is further claimed to have been ineffective for failing to request certain points for charge. In our opinion, these suggested requests are frivolous and deserve no consideration. We are fully satisfied that appellant's

charges against trial counsel are improper, and if they do not establish ineffectiveness of trial counsel, appellate counsel cannot in any way be faulted for failing to challenge the effectiveness of trial counsel. Appellant has the burden of proving ineffectiveness of counsel as an independent basis for relief in a post-conviction hearing, and he has failed to meet that burden. *Commonwealth v. LaSane*, 479 Pa. 629, 389 A.2d 48 (1978).

■ Appellant alleges the existence of after-discovered evidence. This issue was not raised in his petition for post-conviction relief and was not considered by the PCHA court. It is reproduced as an appendix to appellant's brief and relates to testimony given at a proceeding in the United States District Court for the Eastern District of Pennsylvania. Again, it would appear to involve impeachment of the credibility of John Graham's testimony. We are satisfied that if, in fact, there is after-discovered evidence, it would be merely cumulative and add one more attack on the credibility of John Graham. After-discovered evidence is not a sufficient basis for a new trial if it is merely corroborative or cumulative or if it will be used solely for impeaching the credibility of a witness. *Commonwealth v. Valderrama*, 479 Pa. 500, 388 A.2d 1042 (1978).

Order affirmed.