515 A.2d 307

**COMMONWEALTH of Pennsylvania**

v.

**Robert BALL, Appellant.**

Superior Court of Pennsylvania.

Submitted May 27, 1986.

Filed Aug. 8, 1986.

Reargument Denied Sept. 30, 1986.

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before WICKERSHAM, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

A jury found Robert J. Ball, Appellant, guilty of burglary, terroristic threats, and intimidation of witnesses or victims. Post-verdict motions were denied and, on July 31, 1985, the Honorable Samuel J. Strauss sentenced Appellant to a term of three and one-half to ten years' imprisonment on the burglary conviction, and five years' probation, to run consecutively, on the intimidation conviction.

Appellant filed a *pro se* direct appeal and the Office of the Public Defender was appointed to pursue the appeal. Only two issues are presented for our review:

1. Should Appellant have been granted a new trial based upon alleged after-acquired evidence?
2. Was trial counsel ineffective by failing to call certain witnesses at trial?

Finding no merit in either issue, we affirm.

■ Regarding the first issue, our distinguished colleague, the Honorable Phyllis W. Beck, has recently restated the well-settled rule in this Commonwealth regarding after-discovered evidence:

The legal standard to be applied is well-settled. A new trial will be awarded on the basis of after-discovered evidence only if the evidence in question:

(1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted.

*Commonwealth v. Myer,* 340 Pa.Super. 176, 186, 489 A.2d 900, 904–05, (1985) (citations omitted). We need look only to the third of the four, conjunctive requirements. The proffered evidence may not be used solely for impeaching credibility of a witness.

The Public Defender seeks to suggest that the evidence found "went not only to the credibility of the Commonwealth's chief witnesses, but would specifically negate factual contentions." Brief for Appellant at 7. However, both the Motion for New Trial[1] and the Concise Statement of Matters Complained of on Appeal[2] refer only to the contradicting value of the evidence discovered after trial. The post-verdict motion contends that "[t]he overwhelming impeachment value of this evidence is obvious."

Appellant's counsel clearly misstates the proposition of law set forth in *Commonwealth v. Valderrama,* 479 Pa. 500, 388 A.2d 1042 (1978), the only case offered in support of its contention that a new trial is mandated where testimony would specifically negate factual contentions. Brief for Appellant at 9. The most that *Valderrama* can be cited for is the proposition that evidence which *explains* the incomplete nature of governmental records introduced into a case, *without contradicting those records,* may form the basis for the grant of a new trial, where the other three prerequisites are also met.

**1.** Filed by Lawrence Kustra, trial counsel, on November 26, 1984.

**2.** Filed by the Office of the Public Defender, appellate counsel, on October 3, 1985.

The first issue is utterly devoid of merit because of appellant's failure to show that evidence will not be used solely for impeachment.

As to the alleged ineffectiveness of trial counsel, Appellant presents two separate contentions. First, it is suggested that if we cannot find that the proffered evidence qualifies as after-discovered evidence, we are urged to find that trial counsel was ineffective for failing to discover the witness, Albert Smolensky, owner of the property, prior to trial. Although the Commonwealth inexplicably "concedes that the court should remand for an evidentiary hearing," Brief for Appellee at 9, we decline this invitation.

An evidentiary hearing was held on April 15, 1985 at which the after-discovered witness testified. There is no dispute that the witness, Smolensky, would have testified, if called at trial that he inspected the property on or about May 14, 1983, a *month* before the burglary, and found the rear door had been broken open, the front door had been kicked in and a panel from the door had been knocked out.

In determining whether trial counsel was ineffective we must first consider whether there is arguable merit to the claim. Trial counsel will not be deemed ineffective for failure to raise a frivolous issue or to advance a baseless claim. If we determine the claim has arguable merit, we must then decide whether the course of action chosen by trial counsel had some reasonable basis designed to effectuate appellant's best interests. Finally, should we find arguable merit, and should we find no reasonable basis calculated to effectuate appellant's best interests, before we may grant appellant relief, we must also find appellant was prejudiced by the action taken.

*Commonwealth v. Walker*, 348 Pa.Super. 207, 210–11, 501 A.2d 1143, 1145 (1985) (citations omitted).

On the facts before us, we are unable to find arguable merit in the claim. The complaining witness testified that when he returned to his house one evening at 10:30 p.m., he noticed the kitchen light was on. Upon entering, he discov-

ered two men, one of whom was Appellant, unloading the contents of his freezer into a plastic garbage bag. The complainant told the men to leave and they complied. He testified that the lock on the door had been in good condition when he left the house some thirty minutes earlier, and that the door was pushed in by the lock having been broken.

■ In this prosecution for burglary, we fail to see how the condition of the outside door leading into the kitchen is either relevant or admissible. The complainant testified to having returned home where he discovered two persons had entered his home and were emptying the contents of his freezer into a plastic utility bag. The defendant had entered the occupied structure with the intent to steal the meat from the freezer. The premises, a private dwelling, were not open to the public nor was the defendant privileged to enter. The complainant did not even know Appellant before accosting him in the kitchen. The essential elements of burglary were thus established. 18 Pa.C.S. § 3502.

While it is true that gaining entry by force or breaking can be an essential element of the crime of criminal trespass, see 18 Pa.C.S. § 3503(a) **Buildings and occupied structures.—**, it is not an element of burglary.

We recognize that one Kathy Remo, the sister of Appellant's co-defendant, who lived next door to the scene of the burglary was called as a defense witness, at trial, and testified that she had entered the complainant's residence "a couple of times." She testified that she had observed the locking mechanism on the back door and it was broken. Her testimony was that her observations took place before the burglary on June 18, 1983. She did not testify to, nor was she asked about, the length of time between the date(s) of her observations and the day on which the burglary occurred. N.T., 11/14/84 at 119–20.

Although Appellant in his brief argues earnestly that the similar testimony of Albert Smolensky concerning the condition of the doors would have "overwhelming impeachment value", nowhere does Appellant assist us in understanding

how the condition of the door has any relevancy on this particular burglary conviction. Whether the lock was in good condition or broken is simply not relevant to prove the matters at issue in this case.

■ Even if we were to assume relevancy with respect to Smolensky's testimony, perhaps on a theory that the defendant should be permitted to impeach irrelevant Commonwealth evidence, it would remain inadmissible. If the condition of the door is in issue, evidence of its condition at a prior time is admissible if accompanied by proof that its condition has not changed in the meantime. *Topelski v. Universal South Side Autos, Inc.*, 407 Pa. 339, 348, 180 A.2d 414, 418 (1962); *Rubinstein v. J.E. Kunkle Co.*, 244 Pa.Super. 474, 480, 368 A.2d 819, 822 (1976). Although Smolensky would testify to the condition of the residence doors on May 14, 1983, more than a month before the robbery, there is no suggestion that he was, or would be, prepared to submit testimony that the condition of the doors did not change in the thirty-five days leading up to the robbery.

We find no merit in the claim that Smolensky's testimony would have aided the defendant. We refuse to remand for a second evidentiary hearing to consider trial counsel's effectiveness, or lack thereof, in not contacting the owner as a potential condition witness before the commencement of trial.

Finally, Appellant includes in his Brief the allegation that there was another witness, Mr. Tom Gill, whom he requested trial counsel to subpoena. According to the Brief, Gill would testify that the complainant had a grudge against Appellant because of an assault by complainant upon Appellant's fiancee. We have thoroughly searched the record, including the Motion for New Trial and the Concise Statement of Matters Complained of on Appeal. There is no reference to this alleged witness other than in Appellant's Brief.

We are guided by well-settled principles in this area, as recently pronounced by our supreme court:

We have often stated that as appellate tribunals, we are bound to resolve only those issues properly preserved for our review.... Issues not preserved for appellate review cannot be considered by an appellate court even though the alleged error involves a basic or fundamental error. Additionally, in resolving those issues properly before us, we may only look to the record prepared in the trial court. Alleging facts in a brief which a trial court has not passed on has been specifically condemned, and we continue to view such practice as improper.

*Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 214–15, 489 A.2d 1291, 1296 (1985) (citations omitted) (footnote omitted); *Accord: McFarlane v. Hickman*, 342 Pa.Super. 240, 244, n. 1, 492 A.2d 740, 742, n. 1 (1985).

In summary, we conclude that Appellant was not entitled to a new trial based upon alleged after-discovered evidence, because the evidence would have been used solely for impeaching the credibility of the Commonwealth's chief witness. Trial counsel was not ineffective in having failed to discover a witness whose testimony would have been both irrelevant and inadmissible. We will not consider information located only in a party's brief.

Judgment of sentence is affirmed.