431 A.2d 1067

**COMMONWEALTH of Pennsylvania,**

v.

**David BORELLI, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed July 2, 1981.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, SHERTZ and WIEAND, JJ.

WIEAND, Judge:

David Borelli was tried non-jury and found guilty of arson [1], risking a catastrophe [2], recklessly endangering another person [3], and incendiary devices [4], arising from the throwing of a firebomb at the home of Sharlene Lerner. He contends

1. 18 C.P.S.A. § 3301(a) and (b)(2).

2. 18 C.P.S.A. § 3302(b).

3. 18 C.P.S.A. § 2705.

4. 18 C.P.S.A. § 7306.

that trial counsel was constitutionally ineffective because he failed to discover certain evidence prior to trial. We find no merit in this contention and affirm the judgment of sentence.

At trial, the Commonwealth relied upon the testimony of Sharlene Lerner and two of her friends, who testified that, on November 15, 1978, they had observed appellant hurl a firebomb in the direction of their home. After the explosion, the spot was marked by broken glass. Other evidence established a long-standing neighborhood dispute between appellant and the three complaining witnesses. There was also evidence that two days prior to the incident appellant had threatened to blow up the home in which the girls resided. Two days after the firebombing a search of appellant's garage revealed five glass containers and two plastic jugs, all of which contained flammable petroleum distillate. Although appellant denied the incident, the trial judge found his testimony unworthy of belief.

On direct appeal, when appellant made an allegation of ineffective assistance of counsel for the first time, this Court remanded for an evidentiary hearing limited to the issue of trial counsel's stewardship. Evidence produced at such hearing demonstrated that trial counsel had engaged a private investigator, who obtained from the District Attorney a copy of the police investigation report prepared on November 17, 1978. Neither the District Attorney nor defense counsel was aware prior to trial that when Sharlene Lerner had first complained of the incident on November 15, 1978, a police report of the complaint attributed to her a description of the incident as "causing disturbance and harassing." The police officer who took the complaint conceded during the evidentiary hearing that reference may also have been made by the caller to a "firebombing" but testified that he could not recall the use of that word. Appellant contends that the failure to discover this initial report rendered trial counsel's assistance ineffective.

The evidence relied upon by appellant does not constitute after-discovered evidence sufficient to entitle appellant

to a new trial. After-discovered evidence is a basis for a new trial if it "(1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted." *Commonwealth v. Valderrama*, 479 Pa. 500, 505, 388 A.2d 1042, 1045 (1978); *Commonwealth v. Mosteller*, 446 Pa. 83, 88, 284 A.2d 786, 788 (1971). Appellant concedes that the evidence which he discovered after conclusion of the trial is inadequate to warrant the grant of a new trial. He contends, however, that the description of the incident recorded on the initial police report is inconsistent with the trial testimony of the Commonwealth's witness and could have been used, if discovered, to show a prior inconsistent statement by Sharlene Lerner. Because it could have been used to impeach her credibility, he argues, counsel must be held ineffective for failing to discover it.

A finding of ineffectiveness can not be made unless the alternatives not chosen offered a potential for success substantially greater than the course followed. *Commonwealth v. Badger*, 482 Pa. 240, 244, 393 A.2d 642, 644 (1978); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605 n. 8, 235 A.2d 349, 353 n. 8 (1967); *Commonwealth v. Williams*, 273 Pa.Super. 147, 149, 416 A.2d 1132, 1133 (1979). Thus, in the instant case we must inquire whether the finding and use of the initial complaint report offered a potential for success substantially greater than proceeding to trial without such information. An omission of this type cannot be equated with ineffective assistance unless it is shown that the overlooked evidence would have been helpful to the defense. *Commonwealth v. Yarbough*, 248 Pa.Super. 356, 375 A.2d 135 (1977).

The initial report prepared by the police officer was not admissible in evidence. It was not admissible as substantive evidence because it was hearsay. It was not admissible as a

prior inconsistent statement to attack the credibility of Sharlene Lerner because the report had not been prepared by her. Its only value was in leading to the person who received the original complaint from Sharlene Lerner. This person, Officer Genaro Pellegrini, testified at the evidentiary hearing that he did have a clear recollection of his conversation with Ms. Lerner but did not recall her complaining of a "firebombing." The failure of the complaining witness to use the word "firebomb," however, was not inconsistent with the testimony which she gave at trial. Her initial complaint, as recorded by the police, was that appellant was causing a disturbance and harassing her and her friends. In view of the fact that no fire occurred, she can hardly be faulted for being unfamiliar with the legal connotations of appellant's conduct and for placing her own interpretation thereon. It was law enforcement authorities and not Sharlene Lerner who translated appellant's conduct into specific criminal charges. Sharlene Lerner's testimony was not inconsistent with her initial complaint. The initial police report, therefore, was of little, if any, value to the defense and did not offer a potential for success substantially greater than that which could have been expected if the report had been discovered and pursued prior to trial. It was not significantly helpful.

A person who alleges ineffectiveness must shoulder the burden of showing not only that admissible evidence offering a substantially greater potential for success was undiscovered, but also that it could have been uncovered by reasonable investigation. *Thomas v. Wyrick*, 535 F.2d 407 (C.A. 8th 1976). The test of incompetency is whether counsel's conduct fell measurably below the performance ordinarily expected of fallible lawyers. *U. S. v. DeCoster*, 624 F.2d 196, 206 (C.A.D.C.Cir.1979). The ABA Standards Relating to the Defense Function, at § 4.1, impose upon counsel a duty "to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt and penalty. The investigation should always include efforts to secure infor-

mation in the possession of the prosecution and law enforcement authorities." See also: *Commonwealth v. Bailey*, 480 Pa. 329, 336, 390 A.2d 166, 170 (1978). A defense attorney may employ lay investigators to perform investigative functions, but counsel is not thereby relieved of responsibility for the effectiveness of the investigation. See: ABA Committee on Professional Ethics, Formal Opinion No. 316.

In the instant case, an investigator hired by defense counsel obtained from the District Attorney a copy of the complete police investigation. Neither the District Attorney nor the investigator was aware that when the initial complaint had been received a brief report thereof had been prepared. We are unwilling to hold counsel ineffective for failing to make a separate search of police files after he had already received that which he could reasonably believe to have been the complete investigation. This is peculiarly so where, as here, the initial report added nothing to the investigation already in the possession of trial counsel.

The judgment of sentence is affirmed.