439 A.2d 752

**COMMONWEALTH of Pennsylvania,**

v.

**Carlos EDNEY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1981.

Filed Jan. 5, 1982.

Petition for Allowance of Appeal Denied March 26, 1982.

Kalvin Kahn, Philadelphia, for appellant.

Kenneth S. Gallant, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

JOHNSON, Judge:

Appellant was convicted of aggravated assault [1] and theft by unlawful taking or disposition [2] in a non-jury trial on October 2, 1979 and later sentenced to one to five years imprisonment for assault with sentence suspended on the theft conviction. He argues on appeal that (1) the verdict was contrary to the weight and sufficiency of the evidence, (2) that it was error for the lower court to refuse to grant a motion to dismiss the informations which were allegedly based on a defective complaint and (3) ineffective assistance of both trial and pre-trial counsel.

1.  18 Pa.C.S.A. § 2702.

2.  *Id.*, § 3921.

Viewing the evidence in the light most favorable to the Commonwealth, it indicates that on March 30, 1979, Appellant entered the Kensington Grille in Philadelphia at approximately 8:30 a. m., along with another party, and after engaging in an argument with the bartender, struck him in the face, causing a concussion and sinus fractures, requiring the bartender's hospitalization for eleven days. An eyewitness testified that Appellant then leaned over the bar, opened the cash register and removed money from it. Appellant was arrested on April 7, 1979.

Appellant alleges that it was error for the lower court not to grant his request, as to the theft conviction, for a new trial based on his claim that the verdict was contrary to the weight of the evidence and based on insufficient evidence. He bases this claim in part on the testimony of a defense witness, present at the crime scene, who stated that he never heard the cash register open. Where evidence is conflicting, credibility of the witnesses is solely within the province of the trier of fact and will not be reviewed on appeal. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981). And if the finding is supported by the record, the trial court's denial of a motion for a new trial will not be disturbed on a claim that the verdict is against the weight of the evidence. *Commonwealth v. Yohn*, 271 Pa.Super.Ct. 537, 414 A.2d 383 (1979). Also, the granting of a new trial on the ground that the verdict is against the weight of the evidence is committed to the sound discretion of the trial court. *Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972). Finally, evidence is sufficient to sustain a conviction if it supports the verdict beyond a reasonable doubt when construed in the light most favorable to the Commonwealth, with all proper inferences drawn favoring the Commonwealth. *Commonwealth v. Edwards*, 493 Pa. 281, 426 A.2d 550 (1981). We find the evidence sufficient and Appellant's argument meritless.

The second issue concerns whether the lower court erred in refusing to grant Appellant's motion to dismiss the informations due to an alleged defect in the criminal complaint.

■ The complaint, dated March 30, 1979 was based on information received from the victim, Jose Canteras, and signed by the detective who took the victim's statement. The designation under the printed signature line on which the detective had signed his name had the typed word "For" appearing directly before the printed word "Complainant". Appellant alleges this was a defect because the victim, Jose Canteras, did not sign the complaint. We disagree.

The affiant in this case was Detective Welsh, not the victim. The form used is in substantial compliance with that found in Pa.R.Crim.P., Rule 133(A) for a police complaint. It fully informed Appellant of the nature of the crimes charged and was held by a district magistrate to have sufficiently established probable cause so that an arrest warrant could be issued.

■ The rules of criminal procedure do not require that a private complainant sign a complaint when the affiant is a police officer. See Pa.R.Crim.P., Rules 119, 132, 133(A).[3]

In all, we do not find Appellant's argument to be of merit, as no defect existed.

Appellant's final argument involves ineffective assistance charged against his former counsel. Appellant was represented pre-trial by a public defender, and at trial and post-trial by a court appointed attorney who was permitted to withdraw after filing this appeal and writing the initial appeal brief. Appellant's current appeal counsel alleges ineffective assistance against pre-trial counsel for failing to

---

**3.** It seems clear that the affidavit of Detective Welsh is sufficient to satisfy the requirements of Pa.R.Crim.P., Rule 119(a). Since the arrest warrant may not issue but upon probable cause supported by an affidavit sworn to before the issuing authority, it makes no sense that a police officer would make it appear that he is "swearing for" an absent victim. It is the duty and function of the issuing authority to satisfy himself or herself that probable cause exists based solely upon the information provided by the affiant. To the extent that a practice may have developed that Police Complaints to support an arrest warrant are couched in language to make it appear that the Complaint is, in fact, that of another person *not appearing before the issuing authority*, the practice serves no useful purpose, is contrary to both the spirit and intent of the rules, and is hereby condemned.

raise the issue of the defective complaint at the proper time. He also alleges that trial counsel was ineffective for failing to preserve the issues of the defective complaint and pre-trial counsel's ineffectiveness.

■ The general rule is that ineffective assistance must be raised at the earliest opportunity or it will be waived. *Commonwealth v. Hubbard,* 472 Pa. 259 n. 6, 372 A.2d 687 n. 6 (1977). However, an exception to the general rule provides that a waiver of the issue will not be imputed to the accused, if counsel who was allegedly ineffective was also counsel when the issue should have first been raised. *Commonwealth v. Lee,* 254 Pa.Super.Ct. 495, 386 A.2d 59 (1978), *citing Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974).

■ As stated in *Commonwealth v. Jennings,* 285 Pa.Super.Ct. 295, 298, 427 A.2d 231, 232 (1981);

"Before reaching the merits of the claim, we note that 'counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.' *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). However, when confronted with a claim of ineffectiveness of counsel, this Court utilizes a two-step analysis. The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978). If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans,* 489 Pa. 85, 95, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Sherard, supra.*"

■ As we have determined that no defect existed, the first step eliminates Appellant's argument. The issue of the defect has no arguable merit and so pre-trial counsel was not ineffective. It is clear that if pre-trial counsel is deemed not to have been ineffective, then trial counsel could not

have been ineffective for not raising the ineffectiveness of the pre-trial counsel. Therefore, trial counsel was not ineffective and Appellant's claim is meritless.

Judgment of sentence entered December 20, 1979 is affirmed.