J-S06040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAMONT YOUNG, | : | |
| | : | |
| Appellant | : | No. 3772 EDA 2016 |

Appeal from the Judgment of Sentence May 20, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0007926-2015

BEFORE: BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 13, 2018**

Lamont Young ("Young") appeals from the judgment of sentence entered following his convictions of possession of a firearm prohibited, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia and conspiracy to possess a firearm.[1] We affirm.

The trial court aptly summarized the facts underlying the instant appeal as follows:

On July 3, 2015, shortly after midnight, Philadelphia Police Officers Jared Rahill [("Officer Rahill")] and Patrick Quinn [("Officer Quinn")] were patrolling in the area of the 300 block of Kensington Avenue in Philadelphia[,] when they observed a vehicle with an inoperable taillight. Officer Rahill submitted the license plate number to police radio for investigation and was advised that the insurance and registration for the vehicle had been cancelled. Based on the report of these cancellations and the faulty taillight, the officers had the driver of the vehicle pull over.

---

[1] 18 Pa.C.S.A. §§ 6105, 6106, 6108, 903.

After the vehicle was pulled over, Officer Rahill exited his patrol vehicle and approached the passenger side of the stopped vehicle[,] at which time he observed [Young] in the driver's seat, [his co-defendant, Jamel Bailey ("Bailey"),] in the front passenger seat, and [co-defendant Robert Pratt ("Pratt")] in the vehicle's rear seat. Bailey and Pratt appeared to be nervous[;] [Young] kept turning around[;] and all three men were moving around a lot in their seats.

The officer also observed[,] under the front driver's seat[,] the magazine of a firearm sticking out of a white plastic bag. Upon observing the magazine, Officer Rahill alerted Officer Quinn to the presence of the gun magazine and then recovered the white bag, which[,] he discovered[,] contained an Uzi Cobra with an extended magazine.

As a result of the discovery of the firearm, the two officers first removed [co-]defendant Pratt from the vehicle[,] and then [Young,] who briefly struggled with the officers before he was handcuffed. They then removed Bailey from the front passenger seat.

Once the officers removed the three defendants from the vehicle, none of whom was licensed to possess a firearm, Officer Quinn recovered a loaded [.]38 Special handgun from the vehicle's glove box. The defendants were placed under arrest[,] and the items recovered were recorded on a property receipt.

Trial Court Opinion, 3/9/17, at 2-3.

Young was arrested and charged with the above-described crimes. Young filed a pre-trial suppression Motion, which the trial court denied. The case proceeded to a bench trial, after which the trial court found Young guilty of the above-described charges. The trial court subsequently sentenced Young to an aggregate prison term of five to ten years, followed by a five-year term of probation. Young filed a post-sentence Motion, which the trial court denied. Although Young did not immediately file an appeal, his appeal

rights were reinstated after he filed a Petition for Relief pursuant to the Post Conviction Relief Act.[2]  This appeal followed.

Young presents the following questions for our review:

I.      Was the evidence sufficient to sustain [Young's] convictions under counts 1, 2, 3 and 4, violations under title 18, Uniform Firearms Act, sections 6105, 6106, 6108, and conspiracy?

II.     [Were Young's] convictions under counts 1, 2, 3 and 4, violations under title 18, Uniform Firearms Act, sections 6105, 6106, 6108, and conspiracy under section 6106 against the weight of the evidence?

Brief for Appellant at 7 (some capitalization omitted).

Young first challenges the sufficiency of the evidence underlying his convictions.  *Id.* at 11.  Young argues that his mere presence in an automobile containing firearms is not sufficient to infer that he had knowledge or constructive possession of the firearms.  *Id.* at 12.  According to Young,

the inference relied on by the trial court that because [Young] was driving the vehicle, he was therefore presumed to have known of the existence of a firearm at the feet of a rear passenger, and in the glove compartment of a vehicle he did not own, is a fallacious conclusion because there are other equally plausible inferences with regard to the co-defendants and the actual owner of the vehicle.

*Id.*  Young further points out that there is no evidence that he made movements toward the firearms.  *Id.* at 13.  Finally, Young argues that there is no evidence that would sustain his conviction of criminal conspiracy.  *Id.*

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

According to Young, there is no evidence that he had agreed to illegally possess a firearm, with his co-defendants, without a license. *Id.* at 13-14.

In its Opinion, the trial court addressed Young's challenge to the sufficiency of the evidence underlying his convictions, and concluded that the claim lacks merit. *See* Trial Court Opinion, 3/9/17, at 10-13. We agree, and affirm on the basis of the trial court's Opinion with regard to this claim. *See id.*

Young also challenges the verdicts as against the weight of the evidence. Brief for Appellant at 14. In this regard, Young "incorporates by reference" the arguments he made challenging the sufficiency of the evidence. *Id.* Young again argues that the only evidence of his guilt was that he was present in a vehicle in which firearms were found. *Id.*

In its Opinion, the trial court set forth the appropriate standard of review, addressed Young's claim, and concluded that it lacks merit.[3] *See* Trial Court Opinion, 3/9/17, at 13-14. We agree with the sound reasoning of the trial court, and discern no abuse of discretion in its rejection of Young's claim. *See id.* Therefore, we affirm on the basis of the trial court's Opinion with regard to Young's challenge to the verdict as against the weight of the evidence. *See id.*

Judgment of sentence affirmed.

_____

[3] We note that Young preserved a challenge to the weight of the evidence by filing a post-sentence Motion.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/18

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA    : PHILADELPHIA COURT
                                       : OF COMMON PLEAS
                                        : CRIMINAL TRIAL DIVISION
                                        :
              v.                            : CP-51-CR-0007926-2015



CP-51-CR-0007926-2015 Comm v Young, Lamont
Opinion

LAMONT YOUNG

7916757261

OPINION

Received

MAR 0 9 2017

Office of Judicial Records
Appeals/Post Trial

## MCCAFFERY, J

Lamont Young (hereinafter "Appellant") appeals from the judgment of sentence imposed by this Court on May 20, 2016. For the reasons set forth below, it is suggested that the judgment of sentence be affirmed.

## PROCEDURAL HISTORY

Following the denial of Appellant's Motion to Suppress Physical Evidence, this Court held a waiver trial in the above-captioned matter on March 20, 2016, at the conclusion of which this Court found Appellant guilty of Possession of a Firearm Prohibited, 18 Pa.C.S. § 6105, Carrying a Firearm without a License, 18 Pa.C.S. § 6106, Carrying a Firearm on a Public Street, 18 Pa.C.S. § 6108, and Conspiracy to Possess a Firearm, 18 Pa.C.S. § 903.[1] On May 20, 2016, this Court imposed an aggregate sentence of five to ten years' incarceration upon Appellant followed by a term of probation of five years. Appellant thereafter filed a Motion for Reconsideration of sentence, which this Court denied on June 10, 2016. Appellant did not file a notice of appeal following the denial of that motion.

---

[1] Appellant was tried together with co-defendants Robert Pratt and Jamel Bailey.

1

On July 14, 2016, Appellant filed a petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., requesting that his appellate rights be reinstated. On October 28, 2016, this Court granted the petition and on November 15, 2016, Appellant filed a Notice of Appeal *nunc pro tunc*. He thereafter filed a court ordered Pa.R.A.P. 1925(b) statement. In his 1925(b) statement, Appellant argues that his sentence is unconstitutional because it amounts to cruel and unusual punishment, the Court abused its sentencing discretion because it did not consider Appellant's extensive mitigating evidence, the evidence was insufficient to sustain the charges, and the verdict was against the weight of the evidence.

## FACTUAL HISTORY[2]

On July 3, 2015, shortly after midnight, Philadelphia Police Officers Jared Rahill and Patrick Quinn were patrolling in the area of the 300 block of Kensington Avenue in Philadelphia when they observed a vehicle with an inoperable taillight. (N.T. 3/14/16, 7-8). Officer Rahill submitted the license plate number to police radio for investigation and was advised that the insurance and registration for the vehicle had been cancelled. (N.T. 3/14/16, 9). Based on the report of these cancellations and the faulty taillight, the officers had the driver of the vehicle pull over. (N.T. 3/14/16, 10, 37-38).

After the vehicle was pulled over, Officer Rahill exited his patrol vehicle and approached the passenger side of the stopped vehicle at which time he observed Appellant in the driver's seat, defendant Bailey in the front passenger seat, and defendant Pratt in the vehicle's rear seat. (N.T. 3/14/16, 11, 13). Bailey and Pratt appeared to be nervous, Appellant kept turning around and all three men were moving around a lot in their seats. (N.T. 3/14/16, 11, 13, 16, 81).

The officer also observed under the front driver's seat the magazine of a firearm sticking out of a white plastic bag. (N.T. 3/14/16, 11, 13). Upon observing the magazine, Officer Rahill

---

[2]The non-hearsay testimony elicited during the suppression hearing was incorporated into the trial record.

alerted Officer Quinn to the presence of the gun magazine and then recovered the white bag, which he discovered contained an Uzi Cobra with an extended magazine. (N.T. 3/14/16, 11).

As a result of the discovery of the firearm, the two officers first removed defendant Pratt from the vehicle and then Appellant who briefly struggled with the officers before he was handcuffed. (N.T. 3/14/16, 13-14). They then removed Bailey from the front passenger seat. (N.T. 3/14/16, 15).

Once the officers removed the three defendants from the vehicle, none of whom was licensed to possess a firearm, Officer Quinn recovered a loaded 38 Special handgun from the vehicle's glove box. (N.T. 3/14/16, 16, 85-86, 96-97). The defendants were placed under arrest and the items recovered were recorded on a property receipt. (N.T. 3/14/16, 86).[3]

Appellant testified in his own defense. He stated that during the evening before he was stopped and arrested he drove Bailey around in a car belonging to Susan Winston, Appellant's girlfriend, as Bailey ran some errands. (N.T. 3/14/16, 98-104). At some point, Bailey received a phone call from Pratt, a friend of his, who asked Bailey if Bailey could pick him up. (N.T. 3/14/16, 103). Bailey asked Appellant, who often used Ms. Winston's car as an illegal taxi, if he would pick up Pratt, and Appellant agreed to do so. (N.T. 3/14/16, 103-104).

After he picked up Pratt, Appellant left Bailey and Pratt alone in the car so he could purchase condoms for Bailey and some sodas. (N.T. 3/14/16, 104). Appellant denied knowing anything about the guns in the car or how they got into the car and explained that he struggled with Officer Rahill because the officer pulled his arm through the half opened driver's window. (N.T. 3/14/16, 106-109,114-115, 119). He further stated that Pratt carried the white bag into

---

[3] The Commonwealth also presented evidence by way of stipulation indicating that Appellant had a prior conviction that prohibited him from possessing a firearm and that the firearms were operable. (N.T. 3/14/16, 96, 122).

the car, which he said was too small for the Uzi, and that he did not see any part of a gun sticking out of the bag. (N.T. 3/14/16, 13-1110-111).

## DISCUSSION

Appellant first complains in his 1925(b) statement that his convictions and sentencing violated his constitutional right to procedural and substantive due process. It is submitted that Appellant waived review of this claim by failing to raise this claim previously or specify why he believes this to be the case.

First, Pennsylvania law is clear that, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Commonwealth v. Wallace, 533 A.2d 1051, 1053 (Pa. Super. 1987) (citations omitted). After reviewing the record herein at no time did Appellant raise a due process claim. Therefore, the claim should be deemed waived.

Even if the claim had been preserved Appellant still waived the issue because he did not set forth in his 1925(b) statement why he believes that his right to due process was violated. Waiver applies to concise statements "which are so vague as to prevent the court from identifying the issue to be raised on appeal." Commonwealth v. Dowling, 778 A.2d 683, 686-87 (Pa. Super. 2001) ("[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all."). In Commonwealth v. Lemon, 804 A.2d 34, 38 (Pa. Super. 2002), the Court indicated:

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. 'When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review.' 'When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.' 'In other words, a

4

Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.'

Id. at 36-37.

In accordance with the above passage from Lemon, it is clear that Appellant waived his first issue for purposes of appellate review because his Rule 1925(b) statement did not identify the grounds underlying his claim that he was deprived of due process. As a result, this Court has been given the impossible task of identifying the reasons why he believed his constitutional rights were violated. This Court is not obliged to play a guessing game or glean from an ambiguous 1925(b) statement the substance of the issue being raised. Accordingly, it is respectfully suggested that his ineffectiveness issue be declared waived for purposes of appellate review.[4]

In his second claim, Appellant contends that the sentence imposed on him by this Court violated the cruel and unusual punishment clauses of the Pennsylvania and United States Constitutions.[5] As is the case with his first issue, Appellant waived review of it. First, review was waived because he did not raise the current claim previously. For this reason alone it should be deemed waived. See Wallace, supra.

It should also be deemed waived because Appellant again failed to set forth in the claim why he believes the sentence violated the prohibition against imposing a sentence that is cruel and unusual. This is fatal to his claim and it is submitted be determined to have waived review of the claim.

Although it is the opinion of this Court that the claim has been waived, the Court will

---

[4] This Court has carefully scrutinized the record in this case and failed to discern any due process violations. Appellant knowingly, intelligently, and voluntarily waived his right to a jury trial. In addition, he was not prohibited from confronting witnesses against him or from presenting evidence and the sentence imposed upon him was imposed in conformity with all applicable laws.

[5] Article 1, section 13, Pennsylvania Constitution and the 8th Amendment of the United States Constitution.

5

undertake a review of it in any event. The Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendment of the United States Constitution. Commonwealth v. Cottam, 616 A.2d 988, 1003 (Pa. Super. 1992). Consequently, the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution. Commonwealth v. Pendola, 611 A.2d 761, 764 n. 2 (Pa. Super. 1992). Additionally, successful challenges to a criminal penalty are extremely rare where the penalty is something other than capital punishment. Commonwealth v. Strunk, 582 A.2d 1326, 1331 (Pa. Super. 1990).

Further, "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences which are grossly disproportionate to the crime." Commonwealth v. Hall, 701 A.2d 190, 209 (Pa. 1997) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001(1991)).

The Superior Court, in Commonwealth v. Spells, 612 A.2d 458, 462 (Pa. Super. 1992), utilized the three-prong test for Eighth Amendment proportionality review set forth by the United States Supreme Court in Solem v. Helm, 463 U.S. 277, 292 (1983) which requires a review of: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Id. at 462. The Spells court noted that a reviewing court is not obligated to reach the second and third prongs of the test unless "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Id. at 463.

In the present case, the penalty, a standard guidelines sentence of five to ten years, is plainly not disproportionate to the gravity of the offense committed. Appellant was found guilty

6

of possessing a machine gun and a handgun while legally prohibited from doing so and without a license. These crimes occurred in a City that has an epidemic of gun violence in a part of the City especially prone to such violence. Given the foregoing, this Court submits that the sentence may have been too lenient. It certainly was not cruel and unusual as contended and if the claim is not deemed to have been waived, it is suggested that the claim be found to lack merit.

Appellant next complains that this Court committed an abuse of discretion when it imposed sentence upon him because the Court unduly relied on the Commonwealth's sentencing memorandum and did not take into account the mitigating evidence Appellant presented during the sentencing hearing. "The proper standard of review when considering whether to affirm a court's sentencing determination is an abuse of discretion. An abuse of discretion is more than a mere error in judgment; thus a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007), citing Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996). In imposing a sentence, the court must consider the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community and the rehabilitative needs of the defendant as well as the sentencing guidelines. 42 Pa. C.S. § 9721(b), Walls, 926 A.2d at 963.

There is no automatic right to appeal the discretionary aspects of sentencing, so this appeal must be considered as a petition for permission to appeal. Commonwealth v. Tuladzieki, 522 A.2d 17 (Pa. 1987). There are four (4) prerequisites to the proper preservation of an issue regarding the discretionary aspects of sentencing: (1) the issue must be specifically preserved in a timely motion to modify sentence; (2) a timely notice of appeal must be filed; (3) the issue must be set forth in the issues to be raised on appeal in the statement of questions presented; and

7

(4) the issue must be included within a concise statement of the reasons for allowance of appeal which demonstrates a substantial question that the sentence imposed was not appropriate under the sentencing code. 42 Pa.C.S. § 9781(b); Commonwealth v. Zirkle, 107 A.3d 127, 132 (Pa. Super. 2014). While it appears Appellant properly preserved the issues he raised, it is suggested that he is not entitled to relief because he has failed to raise a substantial question.

When a sentence is within the guideline ranges, it must be determined whether the sentence is "clearly unreasonable." 42 Pa. C.S.A. § 9781(c)(2). Commonwealth v. Dodge, 957 A.2d 1198, 1200 (Pa. Super. 2008). The reasonableness inquiry is based in part on the factors set forth in 42 Pa. C.S.A. § 9781(d). Under that statute, the reviewing court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any presentence investigation; the findings upon which the sentence was based; and the guidelines promulgated by the commission. Id.; Dodge, supra. In addition, a sentence may be unreasonable if the sentencing court fails to consider the factors set forth in 42 Pa. C.S.A. § 9721(b): i.e., the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. Walls, supra.

Finally, the Superior Court has stated that, "allegations that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate." Commonwealth v. Edwards, 71 A.3d 323, 330 (Pa. Super. 2013 (citing Commonwealth v. Dunphy, 20 A.3d 1215, 1222 (Pa. Super. 2011)); accord Commonwealth v. Wellor, 731 A.2d 152, 155 (Pa. Super. 1999) ("[A]n allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors is, in effect, a request for this Court to substitute its judgment for that of the lower court in fashioning [an

8

a]ppellant's sentence. Such an allegation does not raise a substantial question that the sentence imposed was in fact inappropriate.") (quoting Commonwealth v. Rivera, 637 A.2d 1015, 1016 (Pa. Super. 1994)); see Commonwealth v. Rhoades, 8 A.3d 912, 918-19 (Pa. Super. 2010) ("an allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review."); Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010) (same).

Under these standards, it is suggested that Appellant did not raise a substantial question. As noted above, the failure to consider mitigating evidence or the consideration of permissible factors as those set forth in the Commonwealth's sentencing memorandum do not raise substantial questions. Even if they did, the sentence imposed here was not unreasonable or an abuse of discretion because all of the factors above were considered when this Court fashioned its sentence. This Court carefully considered the information in the pre-sentence reports and that presented by Appellant during the sentencing hearing and thus, was well aware of Appellant's personal history.

Finally, the law is clear that "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, [an appellate court] will not consider the sentence excessive." Commonwealth v. Corley, 31 A.3d 293, 298 (Pa. Super. 2011) (citing Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010).

Accordingly, for all of the foregoing reasons it is suggested that the instant claim be deemed lacking in merit because it is clear that the sentence imposed herein did not constitute an abuse of discretion because the sentence is not excessive under the circumstances and the Court considered all of the required factors in fashioning Appellant's sentence. See Commonwealth v.

9

Griffin, 804 A.2d 1 (Pa. Super. 2002) (where a judge who makes a discretionary sentencing decision has been fully informed of pertinent facts, his discretion should not be disturbed).

Appellant next contends that the evidence presented at trial by the Commonwealth was insufficient to sustain the charges. Appellant failed, however, to state why he believes the evidence was insufficient. Thus, it is suggested that the claim be deemed waived because Appellant failed to articulate which elements of the crimes he was convicted of committing the Commonwealth failed to establish. "[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925 statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." Commonwealth v. Gibbs, 981 A.2d 274, 281 (Pa. Super. 2009), appeal denied, 3 A.3d 670 (Pa. 2010) (quoting Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa. Super. 2008)). "Such specificity is of particular importance in cases here...the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." Gibbs, supra (holding appellant waived challenge to sufficiency of evidence where appellant failed to specify in Rule 1925(b) statement which convictions, and which elements of those crimes, he was challenging on appeal; fact that trial court addressed appellant's sufficiency claim in its opinion was of no moment to waiver analysis).

In any event, even had Appellant set forth the elements that were not proven, no relief need be granted. A claim that the evidence was insufficient to support a conviction is a question of law. Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). When reviewing the sufficiency of the evidence, the reviewing court must determine whether the evidence believed by the factfinder was sufficient to support the verdict. Commonwealth v. Ratsamy, 934 A.2d 1233, 1236 (Pa. 2006). All evidence must be viewed in the light most favorable to the verdict

10

winner. Id. at 1237 (quoting Commonwealth v. Weiss, 776 A.2d 958, 963 (Pa. 2001)); see

Commonwealth v. Boczkowski, 846 A.2d 75, 80 (Pa. 2004). Both direct and circumstantial

evidence, along with all reasonable inferences arising therefrom, which the finder of fact could

properly have based its verdict, must be accepted as true and sufficient to support the challenged

conviction. Commonwealth v. Perez, 931 A.2d 703, 706-07 (Pa. Super. 2007). The finder of

fact may believe all, part, or none of the evidence regarding the question of whether reasonable

doubt existed, and the facts and circumstances need not be incompatible with the defendant's

innocence. Commonwealth v. Derr, 841 A.2d 558, 559 (Pa. Super. 2004).

Applying the foregoing to the firearms offenses, the law provides that where possession

is an element of a crime, possession may be proven by actual possession, constructive

possession, or joint constructive possession. See Commonwealth v. Gutierrez, 969 A.2d 584 (Pa.

Super. 2009). Thus, when police do not find a firearm in a defendant's actual possession, a

defendant may still be convicted of the possession of the firearm if the Commonwealth

establishes that the defendant constructively possessed the firearm. See Commonwealth v.

Brown, 48 A.3d 426 (Pa. Super. 2012).

The Commonwealth presented sufficient evidence to support Appellant's convictions

under a theory of constructive possession.[6] In Brown, supra, the Superior Court discussed the

constructive possession, stating:

> Constructive possession is a legal fiction, a pragmatic construct to
> deal with the realities of criminal law enforcement. Constructive
> possession is an inference arising from a set of facts that possession
> of the contraband was more likely than not. We have defined

---

[6] To successfully obtain a conviction under 18 Pa.C.S. § 6106, the Commonwealth must prove that the accused carried a firearm on or about their person without a valid and lawfully issued firearms license. Commonwealth v. Bavusa, 750 A.2d 855, 857 (Pa. Super. 2000). For a conviction under 18 Pa.C.S. § 6108, the Commonwealth must prove that the defendant carried an unlicensed firearm, rifle, or shotgun within the city of Philadelphia. Id. Finally, Section 6105 provides that a person who has been convicted of any of several enumerated felonies, including burglary, "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105 (a)(1).

11

constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

Brown, 48 A.3d at 430 (quotation omitted).

Here, although Appellant did not physically possess the firearms when police apprehended him, the Commonwealth nonetheless proved that he was in constructive possession of them because Appellant was in control of the vehicle at the time the guns were discovered and Appellant's behavior and reactions upon being stopped by police exhibited consciousness of guilt. The evidence showed that he was moving about in his seat and kept looking behind him upon being stopped by police, which was sufficient to create an inference of guilt. (N.T. 3/14/16, 81). See Commonwealth v. Hughes, 865 A.2d 761, 792 (Pa. 2004) ("The conduct of an accused following a crime, including manifestations of mental distress, is admissible as tending to show guilt") (internal quotation marks and citation omitted); Commonwealth v. Sanchez, 610 A.2d 1020, 1027 (Pa. Super. 1992) (a defendant's conduct evidencing fear or mental distress is admissible to show consciousness of guilt), appeal denied, 620 A.2d 940 (Pa. 1993).

Moreover, given that the Uzi was clearly visible as it was sticking out of the bag and the hand gun was in the vehicle controlled by Appellant, in easy reach of him, it can be inferred Appellant had knowledge of the presence of the weapons in the car and that he could have exercised dominion and control over them. See Commonwealth v. Mudrick, 507 A.2d 1212, 1214 (Pa. 1986) (joint possession of contraband is possible where contraband is accessible and apparent to more than one individual).

Accordingly, if Appellant's attack on the sufficiency of his weapons convictions is found not to have been waived, it is suggested that the claim be deemed lacking in merit.

12

Regarding Appellant's conspiracy conviction, he contends that the evidence was insufficient and that he could not be convicted of Conspiracy to Possess a Firearm without a License because the Commonwealth failed to prove that he formed an agreement with another person the object of which was to possess a firearm without a license. No relief should be granted with respect to this claim because a review of the Bills of Information filed in this case indicates that Appellant was charged with Conspiracy to Possess a Firearm while prohibited from doing so and not Possession of a Firearm without a License. Consequently, because Appellant was not convicted of conspiring to possess a firearm without a license, it is clear that the premise of Appellant's claim is incorrect and therefore, the issue should be found to lack merit.

Appellant's final claim contends that the verdicts shock the conscience and thus, were against the weight of the evidence because he presented credible evidence that he knew nothing about the presence of the guns in the vehicle. The standard in reviewing a weight of the evidence claim is well-settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's convict ion that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted); see also Commonwealth v. Sanchez, 36 .3d 24, 27 (Pa. 2011) (stating that "[r]elief on a weight of the evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary

13

to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be give n another opportunity to prevail." (citation omitted)).

The initial determination regarding the weight of the evidence is for the fact-finder. Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa. Super. 2007). The trier of fact is free to believe all, some or none of the evidence. Id. A reviewing court is not permitted to substitute its judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999). When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of evidence claims shall be rejected. Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa. Super. 2004). Moreover, the grant of a new trial is not required because of conflicting testimony. Commonwealth v. Widmer, 744 A.2d 745, 754 (Pa. 2000). See, e.g., Commonwealth v. Edney, 439 A.2d 752. 754 (Pa. Super.1982): Commonwealth v. Larew, 432 A.2d 1037, 1038 (Pa. Super. 1981)

Here, this Court's decision to believe the Commonwealth's witnesses' testimony does not shock the conscience. See Commonwealth v. Johnson, 668 A.2d 97. 102 (Pa. 1995) (weight of the evidence argument based solely on contradictory testimony lacked merit); Commonwealth v. Brown, 648 A.2d 1177. 1192 (Pa. 1994) (contradictory testimony did not establish a weight of evidence claim where nothing in the record shocked the conscience). In addition, this Court did not find the testimony of Appellant and his witness credible. Thus, because credibility determinations rested with this Court, sitting as fact-finder, it is suggested that no relief is due Appellant on this claim.

14

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the judgment of sentence entered in this matter against Appellant be affirmed.

BY THE COURT,

Date: 3/9/2017

Daniel D. McCaffery, J.

15

## CERTIFICATION OF SERVICE

I, James Molinari, Esquire, Law clerk to the Honorable Daniel D. McCaffery

hereby certifies that on the ___*9th*___ day of March 2017, by first class mail, postage prepaid, a

true and correct copy of the attached opinion was served upon the following:


Brian F. Humble, Esquire
1225 Locust Street
Philadelphia, Pa. 19107

Hugh Burns, Esquire
Chief-Appeals Unit
Office of the Philadelphia
District Attorney
Three South Penn Square
Philadelphia, PA 19107

James Molinari, Esquire

16